1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH BEYER,

                          Plaintiff,

v.

COUNTRYWIDE HOME LOANS SERVICING
LP & COUNTRYWIDE HOME LOANS INC,

                          Defendants.

No. C07-1512MJP

ORDER GRANTING IN PART AND
DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS

14    This matter comes before the Court on Defendants' motion to dismiss Plaintiff's first amended

15 complaint. (Dkt. No. 30.)  Plaintiff opposes the motion. (Dkt. No. 33.)  Having considered the

16 motion and response, Defendants' reply (Dkt. No. 38), all documents submitted in support, and the

17 balance of the record, and having heard oral argument, the Court GRANTS IN PART and DENIES

18 IN PART Defendants' motion to dismiss.

19                                    **Background**

20    This case arises from the $60 fee Defendants charged Plaintiff when Plaintiff paid off his home

21 loan.  In 2002, Plaintiff Joseph Beyer obtained a loan for $264,600 from Defendant Countrywide.[1]

22 (First Amended Compl. [hereinafter "Compl."] ¶ 6.)  The loan was evidenced by a Note, which

23 Plaintiff has attached to his amended complaint. (Compl., Ex. A.)  Repayment of the loan was secured

24

25

26        [1]        Defendants are Countrywide Home Loans Servicing, LP and Countrywide Home Loans,
Inc.  They are referred to collectively as "Countrywide" or "Defendants."

ORDER - 1

by a Deed of Trust.[2] (Dkt. No. 17-3.)  The Deed of Trust secured "the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest." (Compl. ¶ 10; Deed of Trust, Defn. H.)  The Note explicitly stated that Plaintiff had the right to make a prepayment without any prepayment penalty. (Compl., Ex. A, ¶ 4.)  The Deed of Trust provided that Countrywide was obligated to release the Deed of Trust "upon payment of all sums secured by this Security Instrument." (Deed of Trust ¶ 23.)

In Spring 2006, Beyer decided to consolidate and refinance his first and second loans on the property. (Compl. ¶ 13.)  To do so, Beyer needed to pay off the Note in full and release the Deed of Trust. (Id.)  On April 18, 2006, Countrywide prepared both a "Payoff Demand Statement" and an "Online Payoff Demand Statement" that described the amount owed on the loan and other associated fees. (Compl., Exs. B & C.)   At oral argument, counsel for Countrywide explained that when Mr. Beyer made an online request for the payoff statement, an electronic statement — the "Online Payoff Demand Statement" — was immediately generated, followed by a written statement — the "Payoff Demand Statement" — which was generated and then faxed to Mr. Beyer.  Countrywide charges consumers $30 to prepare the written payoff statement but does not charge the fee if the payoff information is relayed verbally. (Id.)  Defendants assert and Mr. Beyer does not dispute that Mr. Beyer twice requested a payoff statement after being informed of the associated fee — once on March 6 for a payoff of April 3, and once on April 18 for a payoff on May 1.  Countrywide assessed the $30 fee twice for a total of $60 in fees. (See Compl., Exs. B & C; Dkt. No. 30-2 (March 6 Payoff Demand Statement)).

The April 18 Online Payoff Demand Statement lists the amounts owing as follows:

| Principal Balance as of 04/01/2006 | $252,968.12 |
| Interest from 04/01/2006 to 05/01/2006 | 1,264.84 |
| County Recording Fee | 32.00 |

_____

[2]        Although Plaintiff failed to attach a copy of the Deed of Trust to his complaint, he refers to paragraphs from the Deed of Trust throughout his complaint.  The Court may consider the contents of the Deed of Trust under the "incorporation by reference" doctrine because the complaint refers to it extensively and it forms the basis of Plaintiff's claims. See Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002).

| | | |
|---|---|---|
| Reconveyance Fee | | 30.00 |
| Fees Due | | 30.00 |
| **Total Amount Required to Release the** | | |
| **Lien on Loan # 21361556** | | **$254,324.96** |
| | | |
| Expedited Payoff Service Fee | | 30.00 |
| **Total Amount Due** | | **$254,354.96** |

(Compl., Ex. B.)  The April 18 Payoff Demand Statement presented the same amounts owing slightly

differently:

| | | |
|---|---|---|
| **PAYOFF** | Principal Balance as of 04/01/2006 | $252,968.12 |
| **CALCULATION** | Interest from 04/01/2006 to 05/01/2006 | 1,264.84 |
| | County Recording Fee | 32.00 |
| | Reconveyance Fee | 30.00 |
| | | |
| **Total Amount Required to Release the Lien (as of May 1, 2006)** | | $254,294.96 |
| Expedited Payoff Service Fee | | 60.00 |
| **Total Amount Due** | | **$254,354.96** |

(Compl., Ex. C.)  Plaintiff paid the total amount due. (Compl. ¶ 26.)  It is the $60 in fees — listed in

the Payoff Demand Statement as an "Expedited Payoff Service Fee" and listed in the Online Payoff

Demand Statement as both an "Expedited Payoff Service Fee" and "Fees Due" — that form the

basis of Plaintiff's complaint.

On August 20, 2007, Mr. Beyer sued Countrywide on behalf of himself and others similarly

situated. (Dkt. No. 1, at 17.)  Countrywide timely removed on the basis of jurisdiction under the

Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  By stipulation, Mr. Beyer filed an amended

complaint, alleging claims under the Washington Consumer Protection Act ("CPA") and for unjust

enrichment. (Dkt. No. 35-2.)  Countrywide now moves to dismiss Beyer's CPA and unjust

enrichment claims.

**Discussion**

**I.     Standard on Motion to Dismiss**

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon

which relief can be granted.  When reviewing such a motion, the Court must accept as true all

1   well-pleaded factual allegations in Plaintiffs' complaint, and must liberally construe those allegations

2   in the light most favorable to the plaintiff. Syverson v. IBM, 472 F.3d 1072, 1075 (9th Cir. 2007).

3        "Factual allegations must be enough to raise a right to relief above the speculative level, on

4   the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl.

5   Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  The Court is not

6   required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

7   unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

8   Moreover, "[i]f a complaint is accompanied by attached documents, the court is not limited by the

9   allegations contained in the complaint.  These documents are part of the complaint and may be

10   considered in determining whether the plaintiff can prove any set of facts in support of the claim."

11   Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987) (internal citations omitted).

12   **II.**      **Condition Precedent to Filing Suit**

13        Defendants argue that Plaintiff cannot bring his CPA or unjust enrichment claims because he

14   did not comply with the notice provision in the Deed of Trust.  The notice provision in the Deed of

15   Trust states as follows:

16        Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as
        either an individual litigant or the member of a class) that arises from the other party's

17        actions pursuant to this Security Instrument or that alleges that the other party has
        breached any provision of, or any duty owed by reason of, this Security Instrument, until

18        such Borrower or Lender has notified the other party . . . of such alleged breach and
        afforded the other party hereto a reasonable period after the giving of such notice to take

19        corrective action.

20   (Deed of Trust ¶ 20.)  Plaintiff did not provide notice before he commenced the lawsuit.  Almost four

21   months after he filed his original complaint, however, and before he filed his amended complaint,

22   Plaintiff's counsel sent Countywide's counsel a letter indicating that Plaintiff does not believe the

23   notice provision applies in this case.

24        Defendants make several arguments why the notice provision operates to bar Plaintiff's claims

25   here.  First, Defendants argue that Plaintiff's original suit alleged a breach of contract claim and that

26

ORDER - 4

the entirety of the case must be dismissed for failure to provide notice before commencing the action.[3] Second, Defendants argue that Plaintiff's CPA and unjust enrichment claims are predicated upon Countrywide's alleged breaches of Plaintiff's mortgage contract — the same contract that contains the notice provision — and are therefore subject to the notice provision.

Both of these arguments are foreclosed by this Court's order in Gerber v. First Horizon Home Loans Corp., C05-1554MJP, 2006 U.S. Dist. LEXIS 12225 (W.D. Wash. March 8, 2006).  In Gerber, the plaintiff brought breach of contract, CPA, and unjust enrichment claims against his mortgage lender, challenging the legality of a $15 "priority fee" charged in conjunction with the mortgage "payoff statement." 2006 U.S. Dist. LEXIS 12225, at *3.  The Deed of Trust in Gerber had a virtually identical notice provision to the one at issue here; like in this case, Gerber only provided post-commencement notice. Id.  The Court held that because he failed to provide notice, the plaintiff was foreclosed from bringing his breach of contract claim. Id. at *4.  But the Court held that the plaintiff was not foreclosed from pursuing his CPA and unjust enrichment claims.  Because those causes of action existed independently of any contract between the parties, they were unaffected by the failure to notify and could go forward. Id. at 8-9.

Similarly here, Mr. Beyer's unjust enrichment and CPA claims exist independently of the parties' mortgage contract.  In supporting his unjust enrichment and CPA claims, Mr. Beyer does rely on the assertion that the mortgage contract (i.e., Security Instrument) does not authorize the Expedited Fees.  But that assertion, even if true, does not suggest, as Defendants argue, that Beyer's unjust enrichment and CPA claims are inseparable from any breach of contract claim.  Indeed, Defendants strenuously argue that the security instrument — the Deed of Trust — is silent regarding the Expedited Fees.  That silence supports Plaintiff's argument that the CPA and unjust enrichment

---

[3]    The Court notes that the parties are in disagreement about whether Plaintiff's first complaint alleged a breach of contract claim.  Although the complaint did not explicitly state a breach of contract claim, it did contain language suggesting that Plaintiff believed Defendants' actions were unlawful because the fees were not authorized under the Note or Deed of Trust.  The Court need not resolve this issue, however, because regardless of whether the original complaint contained a breach of contract claim, Plaintiff's first amended complaint is not foreclosed by the notice provision.

1    claims do not arise from the mortgage contract.  Beyer's CPA and unjust enrichment claims do not

2    arise from actions taken "pursuant to the Security Instrument" and therefore are not foreclosed by

3    Beyer's failure to notify.

4          Because the Court concludes that the notice provision does not bar Plaintiff's unjust

5    enrichment and CPA claims, the Court need not consider Plaintiff's argument that the notice

6    provision is substantively unconscionable.

7    **III.**      **Washington Consumer Protection Act**

8          Plaintiff claims that Countrywide violated the CPA by failing to disclose that (a) Countrywide

9    was obligated to release the mortgage lien(s) without making or receiving the fees, (b) the fees were

10    not part of the total payoff amount or amount due required to pay off the loans, (c) the fees were

11    optional, and/or (d) Countrywide would waive or refund the fees upon request. (Compl. ¶ 39.)  To

12    make a prima facie case under the CPA, a plaintiff must allege (1) an unfair or deceptive act or

13    practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) an injury to

14    plaintiff in his or her business or property, and (5) a causal relationship between the unfair or

15    deceptive act and the resulting injury.  Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash.,

16    Inc., 162 Wn.2d 59, 74 (2007) (citing Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,

17    105 Wn.2d 778, 784-85 (1986)).  Countrywide argues that Plaintiff can provide no set of facts to

18    satisfy the first or fifth elements.

19          **A.**      **Threshold Issue — Breach of Contract Allegations**

20          As a preliminary matter, the Court notes that the parties have spent considerable time, both in

21    their briefs and at oral argument, debating whether the Deed of Trust or Note authorized these fees

22    and whether these fees are a "prepayment penalty."  Those arguments have little relevance to the

23    viability of Plaintiff's amended complaint, which does not contain a breach of contract claim.  The

24    Court is aware that a number of others courts have held in situations very similar to the one at issue

25    here that a mortgage lender defendant does not breach the mortgage contract by charging borrowers

26    for additional services not required by the contract. See e.g., Davis v. Homecomings Financial, C05-

1466RSL, 2006 U.S. Dist. LEXIS 77331, at *8-9 (W.D. Wash. Oct. 10, 2006) (granting summary

judgment to defendant on plaintiff's claim that Deed of Trust did not authorize a fee to fax payoff

statement); Cappellini v. Mellon Mortgage Co., 991 F. Supp. 31, 39-40 (D. Mass. 1997).  The instant

contracts do not prohibit the charging of an Expedited Fee and Plaintiff may not base a CPA claim on

this theory alone.

        **B.**        **Unfair or Deceptive Act or Practice**

        To show an unfair or deceptive act or practice, a CPA plaintiff is not required to show intent

to defraud or deceive, or actual deception, "only that the practice had the capacity to deceive a

substantial portion of the public." Robinson v. Avis Rent A Car Sys., Inc., 106 Wn. App. 104, 115

(2001).  Whether an act gives rise to a CPA violation is a question of law. Dwyer v. J.I. Kislak

Mortgage Corp., 103 Wn. App. 542, 546 (2000).  Plaintiff alleges that Countrywide's fee practice has

the capacity to deceive the public by implying that (a) the fees are required to pay off the loans, (b)

the fees are required to obtain release of mortgage liens, (c) Countrywide is authorized to make and

collect, and not return the fees under the notes, and/or (d) the fees are neither optional nor

refundable. (Compl. ¶ 40.)

        **i.**        **Do Countrywide's payoff demand statements have the capacity to deceive a reasonable consumer into believing that the $30 Expedited Fee must be paid to pay off the loan and/or release the lien?**

        Washington law is clear that it is an unfair or deceptive act or practice for a mortgage lender

to suggest to consumers that they must pay unsecured amounts (i.e., service charges) in addition to

secured amounts to have their loans paid off and released.  In Dwyer, the Washington Court of

Appeals held that a mortgage lender's practice of including "miscellaneous service charges" along

with secured sums due on its mortgage payoff statement "Balance Due" violated the CPA because it

had the capacity to deceive consumers into believing that the lender would not release their

mortgages unless they paid the fee. 103 Wn. App. at 546.  In that case, the plaintiff requested the

payoff statement to learn the sums due to obtain release of her mortgage.  The lender listed all of the

charges together on a "Payoff Statement" headed by a paragraph that stated, "This statement reflects

1  the amount needed to prepay this mortgage in full." Id. at 547.  The miscellaneous charges were

2  included in the total sum due to pay the mortgage in full and there was no indication on the document

3  that they were extraneous charges that need not be paid in order to obtain a lien release.  Id.  The

4  court held the Payoff Statement was deceptive. Id.

5       This Court confronted a somewhat similar payoff demand statement in Davis and came to a

6  similar conclusion.  In that case, the payoff demand statement listed a total "Amount to Satisfy Loan

7  Obligation," listed separately the "Fee to expedite stmt – prior request (1) (1 @ $25.00)," and then

8  added all the amounts for a "Total as of June 25, 2004." Davis, 2006 U.S. Dist. LEXIS 77331, at *4.

9  The Court concluded that because the "Payoff Statement included the unsecured amount in the total

10  amount due, did not state that payment of the Expedite Fee was not required for release of the loan,

11  and ... implied that it was required by its phrasing and structure," the statement had the capacity to

12  deceive reasonable consumers. Id., at *16.  Thus Dwyer and Davis both looked to the form and text

13  of the demand statements to determine whether reasonable consumers could be deceived into thinking

14  that they needed to pay the extra fee to payoff their loans and obtain releases of the liens, and both

15  concluded that the specific at-issue statements were deceptive.

16       Applying the same scrutiny to the Payoff Demand Statements here, the Court concludes that

17  Countrywide's Payoff Demand Statement does not have the capacity to deceive consumers but the

18  Online Payoff Demand Statement has such capacity to deceive.  In terms of the Payoff Demand

19  Statement, the Statement was produced in response to a request for loan payoff information and

20  includes the Expedited Fee in the "Payoff Calculation" and the "Total Amount Due."  It does not,

21  however, state that the fee is part of the loan payoff amount.  Moreover, unlike in Dwyer,

22  Countrywide's Payoff Demand Statement does not include the $60 "Expedited Payoff Service Fee" in

23  the "Total Amount Required to Release the Lien." (Compl., Ex. C.)  And unlike in Dwyer or Davis,

24  Countrywide's Payoff Demand Statement includes a paragraph explaining that payment of the $30

25  per statement fee is not required to release the lien on the loan:

26       As you have been informed prior to ordering this statement, Countrywide provides free
         verbal payoff information through an automated telephone system at 1-800-669-5833.

Instead, you have elected to purchase Countrywide's written expedited payoff service, for a charge of $30.00, which includes free automatic updates through the expiration of the demand. **The payment of this fee is NOT a condition for the release or reconveyance of the Security Instrument.** If you request further written payoffs, they will be subject to an additional charge of $30.00 per statement (up to a maximum of $90.00).

. . . . This payoff statement is provided at your request and for your convenience. This is not an attempt to collect a debt that has been discharged, nor a demand for payment.

(<u>Id.</u>) (Emphasis in original). Thus, in two separate places — in the calculation amount and in the text on the second page of the statement — Countrywide indicates in bold text that payment of the Expedited Fee is not required to release the lien. Furthermore, the Deed of Trust makes clear that Countrywide will release the Security Instrument upon payment of all secured sums, including the loan. (Deed of Trust ¶¶ 23 & p.2.) Thus, by stating that the Expedited Fee is not included in the amount required to release the lien, Countrywide indicates that it is also not included in the amount required to payoff the loan. Because the Payoff Demand Statement makes clear that the Expedited Fee is not included in the amount required to payoff the loan or release the lien, the Court concludes as a matter of law that Countrywide's Payoff Demand Statement does not have the capacity to deceive consumers into believing that payment of the Expedited Fee is required to payoff the loan or release the lien.

Unlike the Payoff Demand Statement, the Online Payoff Demand Statement does not clearly indicate that payment of the $60 in fees is not required to release the lien or payoff the loan. The online statement includes the same language regarding the fact that payment of the "written expedited payoff service" fee is NOT a condition of release of the lien. (Compl., Ex. B.) But the online statement does not list the fees in the same way. Instead, it lists a $30 "Expedited Payoff Service Fee" outside of the "Total Amount Required to Release the Lien on Loan" and also lists $30 "Fees Due" within the "Total Amount Required to Release the Lien on Loan." Thus, in the online statement, Countrywide included one of the two $30 Expedited Fees in the "Total Amount Required to Release the Lien." Although the online statement included the narrative disclaimer, it is not clear whether the disclaimer applies only to the "Expedited Payoff Service Fee" or also to the "Fees Due."

1   Thus, a reasonable consumer could believe that he has to pay the $30 "Fees Due" to payoff the loan

2   and/or obtain release of the lien.

3        The Court concludes that the Payoff Demand Statement is not deceptive.  Mr. Beyer may not

4   proceed with a CPA claim based on the alleged deceptiveness of that statement.  But the Court will

5   not dismiss and Mr. Beyer may proceed with a CPA claim based on the alleged deceptiveness of the

6   Online Payoff Demand Statement.

7                    **ii.     Authorization to Make and Collect Expedited Fees**

8        Plaintiff alleges in his complaint that Countrywide's practice has the capacity to deceive the

9   public by implying that Countrywide is authorized to make and collect, and not return the fees under

10  the notes.  Plaintiff tries to analogize this case to Indoor Billboard and  Stephens v. Omni Ins. Co.,

11  138 Wn. App. 151 (2007), cases in which the courts held that it was unfair or deceptive of defendants

12  to affirmatively mischaracterize and charge the at-issue fees. See Indoor Billboard, 162 Wn.2d at 78

13  (holding that telecommunications company's practice of listing a surcharge on its invoices that the

14  FCC did not entitle it to collect, but labeling as if it were so entitled, "had the capacity to deceive a

15  substantial portion of the public into thinking the surcharge was FCC regulated and required");

16  Stephens, 138 Wn. App. 151 (holding that it was deceptive to characterize an unliquidated tort claim

17  as an unpaid consumer debt by using a credit collection agency to send formal collection notices that

18  did not explain the amount due or how it was calculated).  But the payoff demand statements at-issue

19  here do not contain similar affirmative misrepresentations.  To the contrary, the statements contain

20  language suggesting that the fees are charges for Defendants' "written expedited payoff service" and

21  are not required for release of the mortgage.  This argument is without merit.

22                    **iii.     Failure to Disclose "Optional" Nature of Fees**

23       Countrywide seeks to dismiss Plaintiff's CPA claim on the grounds that "there is nothing

24  unfair or deceptive about charging a fee that was fully disclosed."  Plaintiff alleged in his complaint

25  that the fee was not "fully disclosed" because "Countrywide . . . does not adequately disclose that the

26  charges are optional, and that if questioned, Countrywide has a policy of returning these fees."

ORDER - 10

(Compl. ¶ 24.)  Apparently, if a customer calls and complains, Countrywide will waive the Expedited Fee.  In opposing Defendants' motion, Plaintiff points to <u>Commonwealth ex rel. Zimmerman v. Nickel</u>, 26 Pa. D&C 3d 115, 127, 1983 Pa. Dist. & Cnty. Dec. LEXIS 360 (Pa. Com. Pl. 1983), in which that court held that "conceal[ing] . . . a silent policy of cancellation <u>in the face of contrary representations</u> would be a misrepresentation of material fact" violating Pennsylvania's Consumer Protection law. (Emphasis added.)  But in this case, Plaintiff has not pointed to any "contrary representations."  Plaintiff points to no suggestion on Countrywide's part that it did <u>not</u> have an internal fee waiver policy.  Countrywide's fee disclosure is not deceptive just because the waiver program was not disclosed.

Moreover, Plaintiff's argument contradicts common sense.  If Plaintiff's argument were correct, and the CPA required disclosure of every possible discount or fee waiver, every company that offers these customer service accommodations — car dealerships, hotels, service providers, retailers, etc. — would have to either eliminate these types of refunds or make them regimented and non-discretionary.  Because it would lead to absurd results, and because Countrywide made no contrary representation, the Court will not allow Plaintiffs to go forward on a theory that Countrywide was deceptive in not disclosing that it waives upon request the $30 fee.  Defendants' motion to dismiss the CPA claim on this theory is granted.

### iv.    Other issues

Plaintiff makes several other arguments supporting his claim that Countrywide's practices are deceptive.  First, Plaintiff argues that Countrywide acted deceptively by not disclosing its fee in the Note or Deed of Trust.  The Note states that no prepayment penalty will be charged and that "any notice that must be given to [Beyer] under this Note will be given by delivering it or mailing it" to his home address. (Compl. ¶ 7 and Ex. A ¶ 4, 7.)  Plaintiff argues that new lenders require <u>written</u> payoff information (rather than the oral information Countrywide provides for free) and that subsequent lenders (the refinancing lender) must send the full amount in the payoff statements to get the loans released.  Plaintiff relies on <u>Robinson v. Avis Rent A Car System</u>, in which the Washington Court of

1   Appeals held that "quoting a car rental price that does not include a concession fee that is also

2   charged would have the capacity to deceive the purchasing public, absent disclosure of that fee . . .

3   because lack of disclosure would fail to apprise consumers of the true price of the car rental." 106

4   Wn. App. 104, 115-16 (2001) ("[K]nowing failure to reveal something of material importance is

5   'deceptive' within the CPA.").  Unlike in Robinson, however, the failure to disclose the fee is not

6   material because Plaintiff did not have to refinance his loan.  As the Court suggested in Davis, and the

7   District of Massachusetts suggested in Cappellini, the mortgage lender cannot be expected to

8   anticipate every "incidental special request made by a borrower" and include conditions on those

9   hypothetical requests in the Notes and Deeds of Trust. Davis, 2006 U.S. Dist. LEXIS 77331, at *7;

10  Cappellini, 991 F. Supp. at 39-40.  The Court concludes that omission of the Expedited Fee in the

11  mortgage contract is not deceptive.

12          Second, Plaintiff argues that it is misleading to label the fee an "Expedited Payoff Service

13  Fee" when it is really a fee to obtain "written" payoff information.  Because the fee is really just a

14  processing fee for providing written payoff information, and because there is nothing "expedited"

15  about the process, Plaintiff argues the label is deceptive.  This assertion is not in Plaintiff's complaint

16  and is disregarded. See Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989) (holding that

17  plaintiff may not raise new claims in response to motion to dismiss).

18          Finally, Plaintiff argues that Countrywide's practice "is also deceptive because it works as a

19  prepayment penalty."  To the extent that this is anything more than a disguised breach of contract

20  claim, it is dismissed.  Moreover, Plaintiff has not asserted that these fees are uniquely associated with

21  prepayment of the mortgage. See Cappellini, 991 F. Supp. at 38 ("Prepayment charges are those

22  which are peculiarly associated with prepayment alone.").  As the Cappellini court explained, and as is

23  relevant here, "[t]he . . . statement fees here may be incurred in situations unrelated to prepayment,

24  such as updating personal records, preparing personal financial statements or evaluating refinancing

25  possibilities.  A borrower may also prepay a loan without obtaining a payoff statement." Id.

26  Moreover, under Countrywide's policy, a borrower can obtain free verbal payoff information, but

1    must pay $30 for a written payoff statement.  Plaintiff may not proceed on a theory that

2    Countrywide's practice is deceptive because it is a prepayment penalty.

3        In sum, the Court concludes that the Online Payoff Demand Statement could deceive

4    reasonable consumers into believing that they were required to pay the $30 "Fees Due" to pay off the

5    loan and have the mortgage released.  All of Plaintiff's other theories on why Defendants' practices

6    were unfair or deceptive fail as a matter of law.

7        **C.**      **Causation**

8        Countrywide asserts that Plaintiff's complaint is devoid of allegations that Countrywide's

9    allegedly deceptive acts proximately caused Beyer's purported injury.  As the Washington Supreme

10    Court recently made clear, a CPA plaintiff must show that the defendant proximately caused his or

11    her injury by showing that "but for the defendant's unfair or deceptive practice, the plaintiff would

12    not have suffered an injury." Indoor Billboard, 162 Wn.2d at 84.  Plaintiff's complaint contains

13    allegations suggesting that "but for" Countrywide's alleged deception in its demand statements, Beyer

14    and others would not have paid the extra fees.  For example, Plaintiff alleges that "At payoff,

15    Countrywide charged and received from Plaintiff $60 for two $30 fees," (Compl. ¶ 16) that

16    "Countrywide characterizes the fees as part of the amount required to pay off the Loan and/or release

17    the lien," (Id. ¶ 20) and that "Plaintiff paid the total payoff amount and/or total amount due, <u>as</u>

18    <u>demanded and required by Countrywide to pay off the Loan, pay off the note in full, avoid any</u>

19    <u>possible late charges, and/or possible collection or default fees and costs as warned by Countrywide,</u>

20    <u>and to obtain release of the lien on the property.</u>" (Id. ¶ 26.) (Emphasis added.)  These allegations are

21    sufficient to establish a prima facie case of causation under Indoor Billboard.

22   **IV.**     **Unjust Enrichment**

23        Plaintiff alleges in his complaint that "Countrywide's practices harmed Plaintiff and the Class

24    by extracting payment of fees Countrywide was not entitled to obtain as required to pay off the loans

25    and/or release [the] liens" and that "Countrywide has been unjustly enriched based on these

26    practices." (Compl. ¶¶ 47 & 48.)  Defendants argue that Plaintiff's unjust enrichment claim is barred

because the mortgage contract governs Defendants' right to charge the fees.  Under Washington law,

an unjust enrichment claim cannot proceed where an express contract governs the relationship

between the parties. United States ex rel Walton Tech., Inc. v. Weststar Eng'g, Inc., 290 F.3d 1199,

1204 (9th Cir. 2002) ("[A] party to a valid express contract is bound by the provisions of that

contract, and may not disregard the same and bring an action on an implied contract relating to the

same matter, in contravention of the express contract.") (quoting Chandler v. Wash. Toll Bridge

Auth., 17 Wn.2d 591 (1943)).  This same argument and authority was presented and rejected by this

Court in Gerber:

> The Court finds that Walton is not directly applicable to the facts in this case, since the
> plaintiff in Walton was seeking compensation (unpaid equipment rental fees) via an
> unjust enrichment claim that it was arguably entitled to under the terms of the
> contract.  That is not the case here, since Defendant has allegedly conditioned its
> performance on payments to which it is not entitled under the contract.  Plaintiff's
> claim here is not strictly "about" the contract he acknowledges to be valid, nor is it
> contradictory to claim that the contract has been violated while seeking a "quasi-
> contract" remedy.

Gerber, 2006 U.S. Dist. LEXIS 12225, at *7; see also Orser v. Select Portfolio Servicing, Inc., C05-

1507C, 2005 U.S. Dist. LEXIS 39737, at *10 (W.D. Wash. Dec. 20, 2005) (rejecting argument that

unjust enrichment claim was barred by the contractual relationship because the "'matter' at the center

of Plaintiff's claim for unjust enrichment is Defendant's collection of the $50.00 Payoff Statement

Fee, whereas the 'matter' of the acknowledged contract is the agreement between a borrower and a

lender to secure a promissory note with the deed of trust relating to a piece of real property").  As in

Gerber and Orser, the Court concludes that the underlying contract does not prevent Plaintiff from

pursuing his unjust enrichment claim.

Defendants also argue that no reasonable jury could find in favor of Plaintiff on his unjust

enrichment claim.  "Unjust enrichment occurs when one retains money or benefits which in justice and

equity belong to another." Bailie Comm., Ltd. v. Trend Bus. Sys., Inc., 61 Wn. App. 151, 159

(1991).  To establish unjust enrichment, Plaintiff must show that (1) he conferred a benefit on

Countrywide, (2) Countrywide appreciated or knew of the benefit, and (3) Countrywide accepted or

1    retained the benefit under circumstances that make it inequitable for it to retain the benefit. Id. at 159-

2    60.  Defendants argue that Countrywide could not have been unjustly enriched by collecting a fully

3    disclosed fee for a service requested by, and provided to, Plaintiff.

4          Three judges in this district have considered, in similar situations, whether payment of these

5    types of fees gives rise to an unjust enrichment claim.  In Davis, the Court granted summary judgment

6    to defendant on plaintiff's claim that defendant was unjustly enriched by a $25 fee charged for faxing

7    a payoff demand statement. 2006 U.S. Dist. LEXIS 77331, at *14.  The Court noted that plaintiff

8    received the benefit of receiving the statement in an expedited manner and that plaintiff failed to

9    present any evidence that the amount of the fee was unreasonable.  The Court concluded that "[t]here

10   is nothing inequitable about a company charging a fee for an additional service rendered." Id.

11         Plaintiff points to Gerber and in Orser, in which the respective courts concluded on motions to

12   dismiss that plaintiffs could go forward with their unjust enrichment claims.  In Orser, the Court

13   explained that the first two unjust enrichment elements were met because plaintiffs paid the "Payoff

14   Statement Fee" and defendant knowingly accepted the fee. 2005 U.S. Dist. LEXIS 39737, at *12.  In

15   terms of the third element, plaintiffs' alleged that they "paid off their loans[] in order to obtain a

16   reconveyance of the Deeds of Trust" and that defendant's charging and receipt of the fee constituted

17   unjust enrichment. Id. at *12-13.  Those allegations were enough to defeat the motion to dismiss the

18   unjust enrichment claim. Id. at *13; see also Gerber, 2006 U.S. Dist. LEXIS 12225, at * 7 ("It cannot

19   be said at this juncture that Plaintiff can prove no set of facts in support of [the unjust enrichment]

20   claim that would entitle him to relief . . . and on that basis he will be allowed to proceed.").

21         Although the Court is doubtful that Plaintiff can prevail on this claim, see Davis, 2006 U.S.

22   Dist. LEXIS 77331, at *14, the Court will allow Plaintiff to further develop it.  Plaintiff has

23   sufficiently alleged all necessary elements: Plaintiff paid the fee, Countrywide knowingly accepted the

24   fee, and Plaintiff alleges that retention of the fee would be unjust because "Countrywide was not

25   entitled to obtain [the fees] as required to pay off the loans and/or release [the] liens." (Compl. ¶ 47.)

26

1   Because it does not appear beyond a doubt that Plaintiff can prove no set of facts in support of his

2   claim which would entitle him to relief, the motion to dismiss this claim is denied.

3                                                    **Conclusion**

4        Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Plaintiff

5   may proceed with a CPA claim based on the deceptiveness of the Online Payoff Demand Statement.

6   Plaintiff may also proceed with his unjust enrichment claim.  All other claims are dismissed.

7        Dated this 18th day of April, 2008.

8

9                                                    _____

10                                                   Marsha J. Pechman
                                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 16